JOHN KONVALINKA AND OTHERS, AS EXECUTORS, ETC., OF GEORGE SCHLEGEL, DECEASED, APPELLANTS, *v.* GEORGE SCHLEGEL, APPELLANT, IMPLEADED WITH OTHERS, AND MARIA SCHLEGEL, WIDOW, RESPONDENT.

*Election — when a widow will not be compelled to elect between a provision in a will and her dower.*

The plaintiff's testator died leaving a widow and eight children and a will, which, after disposing of certain specific articles, provided as follows, viz.: " All the rest, residue and remainder of my estate, property and effects of every nature, kind and description, I give, devise and bequeath to my executor and executrix hereinafter named, and I authorize and direct them to sell and dispose of the same at such time and on such terms as to them shall seem best, and to divide the proceeds thereof equally among my wife and children, share and share alike."

*Held,* that the widow was not put to an election between the provision made in her favor in the will and her dower, but was entitled to both.

APPEAL from a judgment in favor of the defendant Maria Schlegel, widow of George Schlegel, entered in Kings county, upon the trial of this action brought to obtain a judicial construction of the will of the said George Schlegel.

*John W. Konvalinka,* for the plaintiffs, appellants.

*Henry McCloskey,* for infant defendants, appellants.

*Cudlipp & Glover,* for adult defendants, appellants.

*George Bliss,* for the respondent.

BARNARD, P. J.:

The only question in this case is whether the widow of George Schlegel, deceased, is put to her election between a bequest in the will contained and her dower right. The deceased left a widow and eight children, and by his will disposed of certain specific articles and then disposed of all his property as follows :

" All the rest, residue and remainder of my estate, property and effects of every nature, kind and description I give devise and bequeath to my executor and executrix hereinafter named, and I authorize and direct them to sell and dispose of the same at such

times and on such terms as to them shall seem best, and to divide the proceeds thereof equally among my wife and children, share and share alike."

The intent of the testator governs the construction of the will in all cases, so far as indicated by the language used. A provision for a widow, in addition to her dower right, is always upheld, unless the bequest and the dower right are irreconcilable or inconsistent. The presumption otherwise is that the testator intended that she should have both. Another rule of construction is that that one will be followed which disposes of the whole estate. Applying these rules to the clause in question, there is no inconsistency between the widow's dower being passed to her and her receipt also of the one-ninth of the estate subject to it. The case of *Matter of Frazer* (92 N. Y., 239) so holds. A different construction would leave a part of the estate undisposed of. If the widow must elect and elects dower, then the ninth of the estate given in lieu thereof is entirely undisposed of. If anything can be plain from a reading of the will, it is plain that the testator intended to and did dispose of his entire estate.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.